Matthew G. Bennett
FOLEY FREEMAN, PLLC
953 S. Industry Way
Meridian, Idaho 83680
Phone: (208) 888-9111
Fax: (208) 888-5130
Bar No. 9499
mbennett@foleyfreeman.com

Attorney for Defendant, Calvary Chapel of Boise, Inc.

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** | **Case No. 17-01458-JMM** |
| **SHILOH MANAGEMENT SERVICES, INC.,** | **Chapter 7** |
| **Debtor.** | |
| **NOAH HILLEN, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,** | **Adv. Case No. 19-06060-JMM** |
| **Plaintiff,** | |
| v. | |
| **CALVARY CHAPEL OF NAMPA, INC.** an Idaho non-profit corporation; **CALVARY CHAPEL OF BOISE, INC.,** an Idaho non-profit corporation; DOES 1-4, | |
| **Defendants.** | |

### MOTION TO AMEND DEFENDANT'S ANSWER

**Notice of Motion to Amend Defendant's Answer and
Opportunity to Object and for a Hearing**

<u>No Objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within fourteen (14) days of the date of service of this notice.

**MOTION TO AMEND DEFENDANT'S ANSWER - 1**

> If an objection is not filed within the time permitted, the Court may consider that there is not opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> Hearing on Objection. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Defendant, Calvary Chapel of Boise, Inc., ("Defendant"), by and through its counsel of record, Matthew G. Bennett of Foley Freeman, PLLC, and moves this Court pursuant to Federal Rule of Civil Procedure 15 and Bankruptcy Rule 7015 for an order allowing Defendant to amend their answer (Docket No.11) to add the following affirmative defenses:

### THIRD AFFIRMATIVE DEFENSE

The alleged transfers are excluded from liability by 11 U.S.C. § 548(2)(A) because they were made to a qualified religious organization and the contributions do not exceed 15 percent of the gross annual income of the debtor.

### FOURTH AFFIRMATIVE DEFENSE

The alleged transfers are excluded from liability by 11 U.S.C. § 548(2)(B) because they were made to a qualified religious organization and the contributions were consistent with the practices of the debtor in making charitable contributions.

### FIFTH AFFIRMATIVE DEFENSE

The Court should use its equitable powers derived from 11 U.S.C. § 105 to deny relief because the charitable donations received by the Defendant were made by and in the name of an individual, Nathan Pyles, and not the Debtor.

### SIXTH AFFIRMATIVE DEFENSE

**MOTION TO AMEND DEFENDANT'S ANSWER - 2**

Substantive consolidation should occur as to the Debtor and the individual Nathan Pyles, and such substantive consolidation renders the alleged transfers not avoidable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason that, at all relevant times, the individual Nathan Pyles was the alter ego of the Debtor.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtor, transferor, and/or anyone acting by, through, for, or against them.

DATED this 27th day of February, 2020.

FOLEY FREEMAN, PLLC

 /s/ Matthew G. Bennett
Matthew G. Bennett
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of February, 2020, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Matthew T. Christensen<br>Angstman Johnson<br>199 N. Capitol Blvd. Ste 200<br>Boise, ID 83702 | __X__  CM/ECF Notice |

/s/ Matthew G. Bennett
Matthew G. Bennett

**MOTION TO AMEND DEFENDANT'S ANSWER - 3**