Matthew G. Bennett
FOLEY FREEMAN, PLLC
953 S. Industry Way
Meridian, Idaho 83680
Phone: (208) 888-9111
Fax: (208) 888-5130
Bar No. 9499
mbennett@foleyfreeman.com

**Attorney for Defendant, Calvary Chapel of Boise, Inc.**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** | **Case No. 17-01458-JMM** |
| **SHILOH MANAGEMENT SERVICES, INC.,** | **Chapter 7** |
| **Debtor.** | |
| **NOAH HILLEN, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate,** | **Adv. Case No. 19-06060-JMM** |
| **Plaintiff,** | |
| v. | |
| **CALVARY CHAPEL OF NAMPA, INC.** an Idaho non-profit corporation; **CALVARY CHAPEL OF BOISE, INC.,** an Idaho non-profit corporation; DOES 1-4, | |
| **Defendants.** | |

## AMENDED ANSWER TO AMENDED COMPLAINT

COMES NOW the Defendant, Calvary Chapel of Boise, Inc., ("Defendant"), by and through its counsel of record, Matthew G. Bennett of Foley Freeman, PLLC, and hereby responds to the Amended Complaint ("Complaint", Docket No. 6) as follows:

**AMENDED ANSWER TO AMENDED COMPLAINT - 1**

Defendant denies each and every allegation in the Amended Complaint, unless specifically admitted herein.

1. Defendant admits paragraph 1.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant admits paragraph 4.

5. Defendant admits paragraph 5.

6. Defendant is without knowledge to either admit or deny paragraph 6, and therefore denies the same.

7. Defendant is without knowledge to either admit or deny paragraph 7, and therefore denies the same.

8. Defendant is without knowledge to either admit or deny paragraph 8, and therefore denies the same.

9. Defendant is without knowledge to either admit or deny paragraph 9, and therefore denies the same.

10. Defendant denies paragraph 10.

11. Paragraph 11 doesn't call for a response, and therefore denies the same.

12. Defendant admits paragraph 12.

13. Defendant is without knowledge to either admit or deny paragraph 13, and therefore denies the same.

14. Defendant is without knowledge to either admit or deny paragraph 14, and therefore denies the same.

15. Defendant admits paragraph 15.

**AMENDED ANSWER TO AMENDED COMPLAINT - 2**

16. Defendant is without knowledge to either admit or deny paragraph 16, and therefore denies the same.

17. Defendant is without knowledge to either admit or deny paragraph 17, and therefore denies the same.

18. Defendant is without knowledge to either admit or deny paragraph 18, and therefore denies the same.

19. Defendant is without knowledge to either admit or deny paragraph 19, and therefore denies the same.

20. Defendant is without knowledge to either admit or deny paragraph 20, and therefore denies the same.

21. Defendant is without knowledge to either admit or deny paragraph 21, and therefore denies the same.

22. Defendant is without knowledge to either admit or deny paragraph 22, and therefore denies the same.

23. Paragraph 23 doesn't call for a response, and therefore denies the same.

24. Defendant is without knowledge to either admit or deny paragraph 24, and therefore denies the same.

25. Defendant is without knowledge to either admit or deny paragraph 25, and therefore denies the same.

26. Defendant is without knowledge to either admit or deny paragraph 26, and therefore denies the same.

27. Defendant is without knowledge to either admit or deny paragraph 27, and therefore denies the same.

28. Defendant denies paragraph 28.

**AMENDED ANSWER TO AMENDED COMPLAINT - 3**

29. Defendant denies paragraph 29.

30. Defendant denies paragraph 30.

31. Paragraph 31 doesn't call for a response, and therefore denies the same.

32. Defendant is without knowledge to either admit or deny paragraph 32, and therefore denies the same.

33. Defendant is without knowledge to either admit or deny paragraph 33, and therefore denies the same.

34. Defendant is without knowledge to either admit or deny paragraph 34, and therefore denies the same.

    a. Defendant is without knowledge to either admit or deny paragraph 34(a), and therefore denies the same.

    b. Defendant is without knowledge to either admit or deny paragraph 34(b), and therefore denies the same.

    c. Defendant is without knowledge to either admit or deny paragraph 34(c), and therefore denies the same.

    d. Defendant is without knowledge to either admit or deny paragraph 34(d), and therefore denies the same.

35. Defendant is without knowledge to either admit or deny paragraph 35, and therefore denies the same.

36. Defendant is without knowledge to either admit or deny paragraph 36, and therefore denies the same.

37. Defendant denies paragraph 37.

38. Defendant denies paragraph 38.

**AMENDED ANSWER TO AMENDED COMPLAINT - 4**

39. Defendant denies paragraph 39.

40. Defendant denies paragraph 40.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

## THIRD AFFIRMATIVE DEFENSE

The alleged transfers are excluded from liability by 11 U.S.C. § 548(2)(A) because they were made to a qualified religious organization and the contributions do not exceed 15 percent of the gross annual income of the debtor.

## FOURTH AFFIRMATIVE DEFENSE

The alleged transfers are excluded from liability by 11 U.S.C. § 548(2)(B) because they were made to a qualified religious organization and the contributions were consistent with the practices of the debtor in making charitable contributions.

## FIFTH AFFIRMATIVE DEFENSE

The Court should use its equitable powers derived from 11 U.S.C. § 105 to deny relief because the charitable donations received by the Defendant were made in the name of an individual, Nathan Pyles, and not the Debtor.

## SIXTH AFFIRMATIVE DEFENSE

Substantive consolidation should occur as to the Debtor and the individual Nathan Pyles, and such substantive consolidation renders the complaint moot and the alleged transfers not avoidable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason that, at all relevant times, the individual Nathan

**AMENDED ANSWER TO AMENDED COMPLAINT - 5**

Pyles was the alter ego of the Debtor.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation, or any other misconduct on the part of the Debtor, transferor, and/or anyone acting by, through, for, or against them.

### RESERVATION OF RIGHTS

Defendant reserves the right to add additional defenses as further investigation of the facts may warrant.

### ATTORNEY FEES AND COSTS

Defendant has been required to retain the services of attorneys to represent them in this matter, and they should be awarded their costs and reasonable attorney's fees in this matter.

WHEREFORE, Defendant, Calvary Chapel of Boise, Inc., request that Plaintiff's Amended Complaint be dismissed with prejudice, that it takes nothing thereby, and that costs be assessed against the Plaintiff in favor of the Defendant.

DATED this 20th day of March, 2020.

FOLEY FREEMAN, PLLC

 /s/ Matthew G. Bennett
Matthew G. Bennett
Attorneys for Defendant

**AMENDED ANSWER TO AMENDED COMPLAINT - 6**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of March, 2020, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Matthew T. Christensen<br>Angstman Johnson<br>199 N. Capitol Blvd. Ste 200<br>Boise, ID 83702 | __X__ | CM/ECF Notice |

/s/ Matthew G. Bennett
Matthew G. Bennett

**AMENDED ANSWER TO AMENDED COMPLAINT - 7**